Byron Leslie **FLENER**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 11, 1974.

Anthony M. Wilhoit, Public Defender, J. Vincent Aprile II, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Mary Ann Delaney, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Byron Leslie Flener appeals from a judgment sentencing him to a term of eight years' confinement in the penitentiary upon a verdict which found him guilty of voluntary manslaughter in the death of his wife.

The Fleners occupied a small dwelling with five of their children, the oldest being 16 years of age. Going into the parents' bedroom at 6 a. m. one morning to awaken her mother, the oldest child found her mother lying in the bed, dead. The defendant father-husband was lying in the same bed. There were three wounds on Mrs. Flener's head, and a number of contusions all over her body. There were some red stains resembling blood stains on the pillow and mattress. The evidence designed to establish guilt of the defendant was entirely circumstantial.

We are reversing the judgment for error of the lower court in directing the trial to proceed with participation by both of the attorneys who had been appointed to represent the defendant, despite the fact that one of the attorneys had been drinking on the morning of the trial to such an extent that the trial judge found it "pretty obvious that he is drinking" and that he "voluntarily got drunk." The trial court overruled the other attorney's motion for a

continuance and directed the trial to proceed, with these observations:

"Well, I had a short conversation with * * * [the attorney] a while ago, and I think he is probably capable of being considerable help. He is what might be considered an old, experienced trial lawyer, and an old experienced drinker, and this would not be the first case he ever tried while drinking. It might even help him. I would say from my observation that this has been a rather long drinking spree, and he would be in much better position to help you drinking, than he would be if he wasn't drinking, because he would have such a terrible hangover that he wouldn't be of much help.

"But of course if it gets to the point where he is obviously drunk out there in the court room, I don't know what I will have to do then, it might even give you a reversible error."

It is our opinion that the fact that one of the attorneys who participated in representing the defendant on the trial was in an obvious condition of inebriation is of itself enough to warrant the inference of prejudice, particularly since the question of guilt was a very close one. A trial under such conditions does not comport with our concept of due process. Whether the trial properly could have been directed to proceed without participation by the inebriated attorney, as an alternative to granting a continuance, is not the question; the fact is that the trial did proceed with such participation, raising a question of fundamental fairness of the trial rather than a question of right to counsel.

We reserve a ruling on the contention of the appellant that the evidence was not sufficient to establish guilt, wherefore his motion for a directed verdict should have been granted. We shall state, however, that we have reviewed the evidence and find room for serious doubts as to its sufficiency.

■ Appellant makes three contentions of error in the instructions. We need not consider the first one because a correction of the record eliminated the basis for the contention. The second one, that there should have been an instruction on involuntary manslaughter in the second degree (death by reckless conduct) has no merit because the evidence did not warrant such an instruction. The third contention is of alleged surplusage in the voluntary manslaughter instruction, which we find could not have been prejudicial to the defendant.

The judgment is reversed with directions for a new trial.

All concur.